FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN J. C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | NO:  1:23-CV-03151-LRS <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are the parties' briefs.  ECF Nos. 8, 10.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by

---

[1] The Court identifies a plaintiff in a Social Security case only by the first name and last initial to protect privacy.  See Local Civil Rule 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025.  Pursuant to Rule 25(d) of the Rules of Civil Procedure, Frank Bisignano is substituted for Martin O'Malley as the Defendant in this suit.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 1

attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney David Burdett.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's brief, ECF No. 8, is granted in part and Defendant's brief, ECF No. 10, is denied.

## JURISDICTION

Plaintiff Shawn C. (Plaintiff), filed for supplemental security income (SSI) on February 27, 2018, and alleged an onset date of August 1, 2014.  Tr. 203-08.  Benefits were denied initially, Tr. 114-22, and upon reconsideration, Tr. 126-32.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on February 20, 2020.  Tr. 31-43.  In March 2020, the ALJ issued an unfavorable decision, Tr. 12-30, and in September 2020, the Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the U.S. District Court for the Eastern District of Washington, and on September 14, 2021, the undersigned remanded the matter for additional proceedings pursuant to the stipulation of the parties.  Tr. 1270-72.  After a second hearing on February 2, 2023, the ALJ issued another unfavorable decision on July 18, 2023.  Tr. 1189-1212.  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 28 years old at the time the application was filed. Tr. 1203. He completed the eleventh grade. Tr. 1219-20. He testified that he had difficulty following, staying on task, and sitting still in school. Tr. 1220. He still has difficulty concentrating and focusing. Tr. 1226. He has never maintained a job for significant period of time. Tr. 1222. He has had pain from a pseudo tumor his whole life. Tr. 1220-21. It causes him to pass out, vomit, or have headaches. Tr. 1221. He gets headaches two to three times per day which last three to four hours at a time. Tr. 1222-23. He has sporadic seizures or pseudo seizures. Tr. 1224-25. He has anxiety, depression, and panic attacks. Tr. 1225. He has back and leg pain. Tr. 1229.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

1    In reviewing a denial of benefits, a district court may not substitute its

2 judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156

3 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

4 rational interpretation, [the court] must uphold the ALJ's findings if they are

5 supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

6 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's

7 decision on account of an error that is harmless." *Id*. An error is harmless "where it

8 is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

9 (quotation and citation omitted). The party appealing the ALJ's decision generally

10 bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S.

11 396, 409-10 (2009).

12                    **FIVE-STEP EVALUATION PROCESS**

13    A claimant must satisfy two conditions to be considered "disabled" within the

14 meaning of the Social Security Act. First, the claimant must be "unable to engage in

15 any substantial gainful activity by reason of any medically determinable physical or

16 mental impairment which can be expected to result in death or which has lasted or

17 can be expected to last for a continuous period of not less than twelve months." 42

18 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such

19 severity that he is not only unable to do his previous work[,] but cannot, considering

20 his age, education, and work experience, engage in any other kind of substantial

21 gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 5

claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 27, 2018, the application date. Tr. 1195. At step two, the ALJ found that Plaintiff has the following severe impairments: depression, anxiety, sciatica, pseudo-seizure disorder; obesity. Tr. 1195. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 1196.

The ALJ then found that Plaintiff has the residual functional capacity to perform medium work with the following additional limitations:

> no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs; frequent balancing, stooping, kneeling, crouching, and crawling; frequent overhead reaching; avoid concentrated exposure to hazards, extreme cold, and pulmonary irritant; simple work-related instructions tasks and decisions in a predictable work setting with only occasional changes; productivity reduced by 10%; incidental interaction with the public and occasional interaction with coworkers.

Tr. 1199.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 1203. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that

there are jobs that exist in significant numbers in the national economy that the claimant can perform such as cleaner II, laundry work I, and industrial cleaner.  Tr. 1203-04.

Thus, the ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act since February 27, 2018, the date the application was filed.  Tr. 1204.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act.  ECF No. 8.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered the medical opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptom testimony; and

3. Whether the ALJ properly assessed Plaintiff's headaches

ECF No. 8 at 2.

## DISCUSSION

**A.    Medical Opinion Evidence**

The regulations provide an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 8

prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

In evaluating supportability, the more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2).  In evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2).

1. *Norman Staley, M.D. and JD Fitterer, M.D.*

Dr. Staley and Dr. Fitterer, state agency medical consultants, reviewed the record in July 2018 and October 2018, respectively, and both opined that Plaintiff has limitations consistent with medium work with overhead reaching, postural, and environmental limitations.  Tr. 83-85, 104-06. They assessed postural limitations due to seizures, obesity, and limited range of motion in the bilateral hips; occasional climbing ramps/stairs; never climbing ladders/ropes/scaffolds; frequently balancing, stooping, kneeling, crouching, and crawling. Tr. 84, 105.  Manipulative limitations included occasional overhead reaching. Tr. 84, 105. Environmental limitations due to seizures and asthma included: avoid concentrated exposure to cold, heat,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 9

humidity, and noise, and avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation and hazards. Tr. 85, 105.

The ALJ found the opinions of Dr. Staley and Dr. Fitterer are persuasive. Tr. 1201. The ALJ noted both that the RFC finding "includes limitations that encompass the determination of Dr. Staley and Dr. Fitterer," and that it "did not include every environmental limitation they noted, [but] this slight variation does not substantially affect the overall residual functional capacity or outcome of this decision." Tr. 1201.

Plaintiff contends the ALJ's statement is incorrect. ECF No. 8 at 21. The RFC finding includes a limitation that Plaintiff must "avoid concentrated exposure to hazards, extreme cold, and pulmonary irritants." Tr. 1193. Thus, although Drs. Staley and Fitterer opined that Plaintiff must avoid even *moderate* exposure to pulmonary irritants, the RFC finding indicates a lesser limitation to avoiding *concentrated* exposure to pulmonary irritants.

As Plaintiff notes, this distinction is important because the vocational expert testified that if the hypothetical limitation is "any pulmonary disability – or exposure that becomes problematic." Tr. 1235. The ALJ clarified that meant "if there's any [exposure] at all. So, in that case it would be avoiding even moderate exposure. The hypothetical [before the VE] is avoiding concentrated exposure, which would be [] less exposure than more full time." Tr. 1235-36. In other words, the vocational expert testified that a limitation of avoiding even moderate exposure would be

"problematic," but that there are jobs including the limitation of avoiding concentrated exposure. Because the difference in the pulmonary limitation assessed by the doctors and the limitation in the RFC may in fact affect the availability of jobs, the ALJ's finding that there is no impact on the outcome and the ALJ's failure to explain the basis for including the lesser limitation in the RFC are errors. On remand, the ALJ shall reconsider the opinions of Drs. Staley and Fitterer and include all persuasive limitations in the RFC or provide a legally sufficient explanation for any portion of the opinions which is not persuasive.

   2.  *Thomas Genthe, Ph.D.*

   Dr. Genthe completed a DSHS Psychological/Psychiatric Evaluation form in April 2019. Tr. 1078-83. Dr. Genthe diagnosed major depressive disorder with anxious distress and post-traumatic stress disorder and assessed marked limitations in six functional categories, with an overall severity rating of marked. Tr. 1080-81. Dr. Genthe opined that Plaintiff is unlikely to function adequately or consistently in a work setting until his psychological symptoms were managed more effectively. Tr. 1081.

   The ALJ found Dr. Genthe's opinion unpersuasive. Tr. 1203. Regarding supportability, the ALJ found the marked limitations were not supported by the findings in Dr. Genthe's evaluation.  Tr. 1203.  Plaintiff reported he could care for himself, make and keep appointments, did not require reminders for medication, was able to do household chores, and was able to prepare meals.  Tr. 1079, 1203. Mental

status exam results indicated Plaintiff was well groomed with good hygiene; his speech was normal; he was open, cooperative, and friendly and appeared attentive and interested in doing his best; his mood was reported as "nervous" and his affect was anxious and depressed. Tr. 1081-82. The ALJ noted Plaintiff struggled with some concentration tasks, but other mental status findings were generally normal. Tr. 1082-83, 1203.  Plaintiff contends the ALJ failed to explain how his self-care activities contradicted Dr. Genthe's opinion regarding workplace limitations in light of qualifying statements such as Plaintiff's daily routine "depends on how I feel," that he is unable to shop for himself because he gets confused, and his is constantly worried and isolated.  ECF No. 8 at 14 (citing Tr. 1079). Plaintiff also argues the ALJ failed to explain how the mixed mental status exam findings are inconsistent with the limitations assessed by Dr. Genthe.

Regarding consistency, the ALJ found that Dr. Genthe's opinion is inconsistent with the longitudinal record which documents only mild to moderate limitations. Tr. 1203. Plaintiff argues this finding is unsupported by citations to the record and is not sufficiently explained. The Court agrees the consistency factor is not sufficiently explained.  "The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The ALJ also cited the results of the Personality Assessment Inventory (PAI) administered by Dr. Genthe which reflected that certain indicators fell outside of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 12

the normal range, "suggesting that the respondent may not have answered in a completely forthright manner." Tr. 1083. Plaintiff points out the full analysis of the PAI is not included in the record and there are no comments from Dr. Genthe regarding the PAI in his opinion, so it is unclear how the PAI results were considered. ECF No. 8 at 15; Tr. 1083. The Court agrees that to the extent the ALJ relied on a partial PAI report, this is an insufficient basis for rejecting Dr. Genthe's opinion.

This matter is remanded on other grounds, but on remand, the ALJ shall also reconsider Dr. Genthe's opinion and provide legally sufficient reasons supported by substantial evidence for finding any portion of the opinion unpersuasive.

### 3. Cara Kline, M.Ed.

In July 2018 and April 2019, Ms. Kline completed a DSHS WorkFirst Documentation Request Form for Medical or Disability Condition. Tr. 989-92, 1084-86. In both opinions, she listed diagnoses of posttraumatic stress disorder and major depressive disorder, and opined Plaintiff was unable to work more than 10 hours per week due to significant anxiety that interferes with his ability to interact with others, stay in crowded places, and moderate his moods. Tr. 989, 1084. She further stated that Plaintiff's symptoms may exacerbate poor concentration, lack of motivation/energy, and his ability to complete necessary tasks. Tr. 989, 1084.

The ALJ found Ms. Kline's statements unpersuasive. Tr. 1202. Regarding supportability, the ALJ noted there is no support for the limitations and statements.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 13

Tr. 1202.  Ms. Kline's treatment records were from 2014 and 2017 and do not offer

insight into Plaintiff's functioning in July 2018 or April 2019.  Tr. 1202. Regarding

consistency, the ALJ considered the treatment records contemporaneous to Ms.

Kline's opinions and found that the observations and activities in them were not

consistent with Plaintiff's claims. Tr. 1202.

Since this matter is remanded for additional proceedings other grounds, Ms.

Kline's opinion will be reevaluated as part of a new sequential evaluation.

4.  *Peter Metoyer, Ph.D.*

Dr. Metoyer examined Plaintiff in June 2018 and diagnosed posttraumatic

stress disorder, panic disorder, major depressive disorder, learning disability, and

ADHD. Tr. 983-87. Functionally, Dr. Metoyer opined that Plaintiff's remote, recent,

and immediate memory are mildly impaired; sustained concentration and persistence

are adequate; Plaintiff describes difficulty following through with tasks at home; his

ability to interact with coworkers and the public is likely moderately impaired; his

ability to maintain regular attendance in the workplace is moderately impaired; his

ability to complete a normal workday and workweek without interruption from

mental health symptoms is likely moderately impaired, and his ability to deal with

the usual stressors encountered in the workplace is markedly impaired if it involves

persistent activity, complex tasks, task pressure, or interacting with others. Tr. 987.

The ALJ found Dr. Metoyer's opinion is unpersuasive.  Tr. 1202.  Regarding

supportability, the ALJ concluded the objective and mental status exam findings in

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 14

Dr. Metoyer's report indicate no more than moderate limitations. Tr. 1202. The ALJ acknowledged the mental status exam revealed some memory deficits but observed that concentration was unremarkable. Tr. 985-86. Plaintiff contends this is improper lay analysis, ECF No. 8 at 18, but it is the ALJ who is tasked with interpreting the assessments and all other medical evidence. *See Brown–Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (noting the RFC determination is ALJ's responsibility, not physician's).

Regarding consistency, the ALJ found Dr. Metoyer appeared to rely significantly on Plaintiff's subjective complaints, which were not consistent with the treatment record. Tr. 1202. In assessing limitations, Dr. Metoyer noted that Plaintiff reported difficulty following through with tasks and significant interpersonal challenges in his personal life and work environments. Tr. 987. The ALJ observed that, for example, in February 2018, shortly before Dr. Metoyer's June 2018 assessment, the record indicates he was engaged and friendly with appropriate mood and affect, and that he was active at church, which helped reduce his depression and anxiety. Tr. 941, 1202. Similarly, in March 2018, mental status exam findings were normal and he reported medication and counseling were helping. Tr. 937-38, 1202. Plaintiff contends the ALJ made a "selective" citation of records and cites negative findings.

Because this matter is remanded for additional proceedings other grounds, Dr. Metoyer's opinion will be reevaluated as part of a new sequential evaluation.

### 5. *Lynda Trimble*

Plaintiff's friend/advocate Lynda Trimble completed a third-party function report and a headache questionnaire in March 2018. Tr. 241-49. Ms. Trimble indicated Plaintiff's conditions affect lifting, squatting, bending, standing, walking, kneeling, talking, stair climbing, memory, completing tasks, concentration, understanding, following instructions, and getting along with others. Tr. 246. She stated Plaintiff gets headaches daily and that she had witnessed "about 7" in the previous two weeks. Tr. 249. According to Ms. Trimble, Plaintiff said when he has a headache, his body hurts, he gets blurred vision, exhaustion, tiredness, and weakness. Headaches last about an hour after he takes medication; once he gets a headache, he is unable to do anything but lie down for hours. Tr. 249.

The ALJ considered Ms. Trimble's statement and noted he is not required to state the persuasiveness of the statement under 20 C.F.R. § 416.920c. Tr. 1200. The ALJ stated that while he agreed that Plaintiff has some limitations due to his impairments, Ms. Trimble's statement is not entirely consistent with the observations of medical professionals, the objective evidence, or Plaintiff's activities and reports to providers. Tr. 1200-01. Because this matter is remanded for reconsideration on other grounds, Ms. Trimble's statement must also be reevaluated

1    on remand, especially considering the need to further consider the headache

2    evidence.  *See infra.*

3    **B.    Symptom Testimony**

4            An ALJ engages in a two-step analysis to determine whether a claimant's

5    testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must

6    determine whether there is objective medical evidence of an underlying impairment

7    which could reasonably be expected to produce the pain or other symptoms alleged."

8    *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  Second, "[i]f the

9    claimant meets the first test and there is no evidence of malingering, the ALJ can

10   only reject the claimant's testimony about the severity of the symptoms if [the ALJ]

11   gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*,

12   763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).

13           "General findings are insufficient; rather, the ALJ must identify what

14   testimony is not credible and what evidence undermines the claimant's complaints."

15   *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v.*

16   *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility

17   determination with findings sufficiently specific to permit the court to conclude that

18   the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear and

19   convincing [evidence] standard is the most demanding required in Social Security

20   cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

21   *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 17

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms, but his statements regarding the intensity, persistence, and limiting effects of such symptoms are not entirely consistent with the medical evidence and other evidence in the record. Tr. 1199.

In rejecting Plaintiff's allegations regarding his physical symptoms, the ALJ referred to his discussion of the evidence at step two. Tr. 1200. Plaintiff contends the step two discussion provides no basis for discounting his allegations regarding his physical disorders because the discussion at step two relates to severity. ECF No. 8 at 22; Tr. 1195-96. To the extent the step two finding could be considered a finding of a lack of objective evidence supporting certain physical impairments, this is insufficient, standing alone, to justify rejecting all of Plaintiff's physical allegations. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001);

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 18

1   *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d

2   597, 601 (9th Cir. 1989).  Specifically, Plaintiff's symptom statements regarding

3   his headaches appear insufficiently addressed.  The ALJ found Plaintiff's

4   headaches are not a severe impairment, noting that they "appear in the record from

5   time to time" but it is a "mild condition[] of short duration." Tr. 1195.

6   Nevertheless, Plaintiff described significant limitations from headaches during

7   testimony and in his headache questionnaire.  Tr. 250-51, 1222-25.  The ALJ did

8   not give any reasons for giving little weight to Plaintiff's statements regarding his

9   physical symptoms.

10      Next, the ALJ gave four reasons for finding Plaintiff's mental health

11   symptoms are not fully credible: (1) there are periods of increased symptoms, but

12   they are typically related to situational stressors; (2) Plaintiff's symptoms have

13   improved over time; (3) observations in the record are "generally normal"; and (4)

14   Plaintiff's activities are inconsistent with his mental health allegations. Tr. 1199-

15   1200. Plaintiff contends none of these reasons are supported by the record and

16   offers another interpretation of the evidence.  ECF No. 8 at 3-10.

17      The ALJ's discussion of Plaintiff's daily activities is insufficient. Tr. 1200.

18   The ALJ mentioned three activities in passing: Plaintiff reported he was actively

19   engaged in church, he was spending less time playing video games, and that he

20   was helping more with household chores. Tr. 1199-1200. Without more, it is not

21   apparent to the Court how these activities are inconsistent with Plaintiff's mental

health allegations. Although the record is arguably mixed as to the first three

reasons, given that this matter is remanded on other grounds and the insufficiency

of the physical symptom testimony findings, on remand the ALJ should also

reassess Plaintiff's mental health symptom testimony.

**C.    Headaches**

Plaintiff contends the ALJ erred at step two by failing to properly evaluate his

headaches.  At step two of the sequential process, the ALJ must determine whether

there is a medically determinable impairment established by objective medical

evidence from an acceptable medical source.  20 C.F.R. § 416.921.  After a

medically determinable impairment is established, the ALJ must determine whether

the impairment is "severe;" i.e., one that significantly limits his or her physical or

mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  Regardless, the

ALJ must consider the effect of all impairments, including medically determinable

but non-severe impairments, in evaluating the RFC.  20 C.F.R. § 416.945(a)(2).

As noted above, the ALJ found Plaintiff's headaches, along with several

other impairments, are "mild conditions [] of short duration, controllable, and/or

without significant effect on the claimant's ability to perform work activities."  Tr.

1195.  The ALJ cited some records mentioning headaches, including Plaintiff's

headache questionnaire and Ms. Trimble's headache questionnaire, Tr. 1195

(citing Tr. 249-51, 272, 325-26, 1006, 1404, 1417), but minimizes them while

failing to address other records involving reports or complaints of headaches,

including emergency room visits for headache pain. *See* ECF No. 8 at 11-12 (citing Tr. 1222-23, 330, 375-78, 434, 380, 460, 472, 963-64, 1004, 1575).

The Court does not find that the ALJ erred by failing to find headaches are a severe impairment, only that the ALJ's consideration of the headache evidence is insufficiently addressed. Defendant argues that step two was decided in Plaintiff's favor, and that any error regarding headaches at step two is harmless. ECF No. 10 at 5 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). However, as discussed above, it is not clear that the ALJ adequately considered Plaintiff's headaches throughout the decision such that the effect of Plaintiff's headaches on his functioning, if any, was included in the RFC.

## REMEDY

Plaintiff requests remand for an award of benefits. ECF No. 8. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not

to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401.

But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014). There are several issues which must be resolved by the ALJ, including reassessment of Plaintiff's symptom statements, the medical opinions, and Plaintiff's headaches. The Court does not direct that any medical opinion or specific evidence should be credited; only that the ALJ reconsider the sequential evaluation in light of the insufficient findings identified herein.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Brief, **ECF No. 8**, is **GRANTED in part** regarding Plaintiff's request to remand the case for further proceedings and **DENIED in part** regarding Plaintiff's request that the Court determine an award of benefits is appropriate.

2. Defendant's Brief, **ECF No. 10**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** October 17, 2025.

LONNY R. SUKO
Senior United States District Judge